UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION – COLUMBUS

| | | |
|---|---|---|
| KAMERON HENSLEY, | : | Case No. |
| 6502 Larch Court | : | |
| Reynoldsburg, Ohio 43068 | : | Judge |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| FRANKLIN COUNTY | : | **JURY DEMAND ENDORSED HEREON** |
| COMMISSIONERS, | : | |
| 150 South Front Street, FSL Suite 10 | : | |
| Columbus, Ohio 43215 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Now comes Plaintiff Kameron Hensley ("Plaintiff"), by and through undersigned counsel, and for his Complaint against Defendant Franklin County Commissioners ("Defendant") states and avers as follows:

## THE PARTIES

1. Plaintiff is an individual residing in Franklin County, Ohio. At all times alleged herein, Plaintiff was an employee of Defendant.

2. Defendant a department of Franklin County. At all times alleged herein, Defendant was Plaintiff's employer.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e, 42 U.S.C. § 12111, 28 U.S.C. § 1331, and Title 4112 of the Ohio Revised Code.

4. Venue is proper in the Southern District of Ohio Eastern Division because all actions took place within Franklin County, Ohio.

1

5. Plaintiff satisfied all pre-requisites for filing for lawsuit, including but not limited to obtaining a Notice of Right to Sue from the Equal Employment Opportunity Commission (hereafter the "EEOC Notice"). A copy of the "EEOC Notice" is attached hereto as Exhibit A.

6. At all relevant times hereto, Defendant was Plaintiff's employer as the same has been defined by the Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e(d), the Americans with Disabilities Act of 1990, as amended, 42 USCS § 12111(5), and Ohio Title 4112.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates his allegations set forth in the preceding paragraphs as if fully rewritten herein.

8. Plaintiff is a male that has a disability that effects his everyday life in the way he processes information and interacts with his surroundings.

9. Plaintiff worked for Defendant in Defendant's Economic Development & Planning Department as a GIS Manager.

10. As a GIS Manager, Plaintiff focused on GIS mapping for the department. Plaintiff was also given other administrative tasks.

11. Plaintiff's initial supervisor was Scott Schertzer, Assistant Director. Schertzer left a few months into Plaintiff's employment.

12. Plaintiff's supervisor then became Ruchelle Pride, Interim Director. Pride is a female and upon information and belief, is not disabled.

13. When Plaintiff was hired in mid 2024, Plaintiff's job was advertised as a "hybrid" position which meant that the employee was allowed to work from home several days per week.

14. On October 29, 2024, Plaintiff requested an accommodation pursuant to his disability to have a hybrid work schedule to work from home two days per week, flexible daily work hours, time management support, expanded leave usage, and noise cancelling headphones.

15. Plaintiff also requested to meet with his supervisor weekly or bi-weekly to discuss his workload and assignments so that he could better stay on task.

16. Plaintiff submitted his accommodation request to Pride. Pride forwarded Plaintiff's request to Julie Hammond in Human Resources.

17. Hammond verified Plaintiff's disability with Plaintiff's physician, but denied Plaintiff's request for a hybrid work schedule.

18. Instead, Hammond offered Plaintiff the ability to use the conference rooms in the office when they were not in use, recommended Plaintiff put a "do not disturb" sign on his cubicle, get a white noise machine, and adjust the lighting.

19. Most of the accommodations Hammond offered to Plaintiff were things he already implemented such as a sign and adjusting the lighting.

20. The conference rooms were often in use and unavailable. Moreover, if a meeting was scheduled in the conference room, Plaintiff had to interrupt his work to vacate the conference room which worsened his disability rather than accommodating it.

21. Pride provided Plaintiff with noise cancelling headphones but took them back from Plaintiff the same day. Pride did not replace the headphones.

22. Defendant allowed other nondisabled employees in Plaintiff's same position to work a hybrid work schedule.

23. In or around December 2024 or January 2025, Plaintiff reported to Pride and Hammond that the accommodations Defendant offered were not accommodating his disability and again requested a hybrid work schedule and flexible hours.

24. Defendant denied Plaintiff's request again.

25. Plaintiff informed Hammond and Pride that he was being treated differently than his nondisabled coworkers that were allowed to work a hybrid schedule.

26. Also in December 2024, Plaintiff requested clarification about his job duties from Pride and also requested additional information about his accommodation.

27. In January 2025, Pride instructed Plaintiff that he was not to request clarification from other departments about his job duties and restricted Plaintiff from asking about his accommodation requests or requesting additional accommodations for his disability.

28. Pride specifically informed Plaintiff that she would issue him disciplinary action if he continued to request accommodations for his disability or request clarification about his requests.

29. On December 19, 2024, Plaintiff requested unpaid parental leave for the upcoming birth of his child in January 2025.

30. Defendant did not respond to Plaintiff's request for parental leave.

31. Defendant allowed other female employees to take unpaid parental leave.

32. On February 5, 2025, Defendant terminated Plaintiff.

## COUNT I – DISABILITY DISCRIMINATION
### ADA & Ohio Title 4112

33. Plaintiff incorporates the allegations set forth in the preceding paragraphs as if fully rewritten herein.

4

34. The Americans with Disability Act ("ADA") prohibits employers from discriminating against an employee on the basis of his disability. *See* 42 USC § 12112.

35. Plaintiff is disabled as defined by the ADA.

36. Plaintiff is qualified, with or without reasonable accommodation to perform the essential functions of his job.

37. By terminating Plaintiff and treating Plaintiff differently than nondisabled employees Defendant discriminated against Plaintiff on the basis of his disability.

38. Defendant's discriminatory actions were motivated by discriminatory animus towards Plaintiff's disability.

39. As a result of Defendant's disparate treatment, Plaintiff suffered an adverse employment action.

40. As a result of Defendant's disparate treatment, Plaintiff was treated differently than similarly situated employees without disabilities.

41. As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 12101 and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which she was entitled, an amount to be determined at trial.

## COUNT II – FAILURE TO ACCOMMODATE
### ADA & Ohio Title 4112

42. Plaintiff incorporates the allegations set forth in the preceding paragraphs above as if fully rewritten herein.

43. The Americans with Disability Act ("ADA") requires employers to engage in the interactive process and offer reasonable accommodations for employees with disabilities. *See* 42 USC § 12112 and Ohio Title 4112.

44. Plaintiff is a qualified individual with a disability.

45. Defendant was aware of Plaintiff's disability.

46. Defendant failed to reasonably accommodate Plaintiff's disability.

47. Defendant failed to engage in the interactive process with Plaintiff regarding Plaintiff's disability.

48. Irrespective of the interactive process, Defendant failed to provide Plaintiff with a reasonable accommodation.

49. Defendant's failure to provide a reasonable accommodation has harmed Plaintiff.

50. Plaintiff's disability was the basis for Defendant's discriminatory treatment.

51. Accommodating Plaintiff's disability would not have resulted in an undue hardship on Defendant or its business because Defendant was able to accommodate Plaintiff.

52. By failing to engage in the interactive process or offer any reasonable accommodation, Defendant's discriminatory actions were intentional and/or reckless and in violation of the ADA and Ohio Title 4112.

53. As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 12101, Ohio Title 4112, and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which he was entitled, an amount to be determined at arbitration.

**COUNT III – "REGARDED AS" DISABILITY DISCRIMINATION**
**ADA & Ohio Title 4112**

54. Plaintiff incorporates the allegations set forth in the preceding paragraphs as if fully rewritten herein.

55. The Americans with Disability Act ("ADA") prohibits employers from discriminating against an employee on the basis of his disability. *See* 42 USC § 12112.

56. The ADA prohibits employers from regarding employees as disabled. *See* 42 USC § 12102.

57. Defendant perceived Plaintiff to be disabled because Plaintiff requested information about his job duties and requested clarification from his supervisor.

58. Plaintiff was qualified to perform his job with or without a reasonable accommodation.

59. Plaintiff suffered an adverse employment action.

60. Defendant knew or had reason to know about the reason for Plaintiff's requested information about his job duties and requested clarification from his supervisor.

61. Plaintiff's perceived disability was the basis for Defendant's discriminatory treatment.

62. As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 12101, Ohio Title 4112, and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which he was entitled, an amount to be determined at trial.

## COUNT IV – REVERSE GENDER DISCRIMINATION
### Title VII & Ohio Title 4112

63. Plaintiff hereby incorporates the allegations set forth in the preceding paragraphs as if fully rewritten herein.

64. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of his employment because of his gender.

65. Plaintiff is male and was qualified for the position.

66. Defendant has a history of treating male employees differently than members of other genders, including female.

67. Defendant terminated Plaintiff for pre-textual reasons because of his gender, all in violation of 42 USC § 2000(e).

68. By treating Plaintiff differently and otherwise discriminating against him on the basis of his gender, Defendant committed unlawful employment practices within the meaning of 42 U.S.C. § 2000(e) in violation of Title VII of the Civil Rights Act of 1964, as amended.

69. Defendant acted with malice and/or reckless malfeasance toward Plaintiff's protected rights and for such willful conduct, Defendant is liable for punitive damages.

70. As a direct and proximate result of Defendant's conduct in contravention of Title VII of the Civil Rights Act of 1964 as set forth above, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income and other benefits to which Plaintiff was entitled in an amount to be determined at trial.

## COUNT V – RETALIATION
### ADA, Title VII, & Ohio Title 4112

71. Plaintiff hereby incorporates all of his allegations set forth in the preceding paragraphs as if fully rewritten herein.

72. Following Plaintiff's reports to Defendant that Defendant treated him differently than his nondisabled and female coworkers, Defendant terminated Plaintiff.

73. Defendant treated Plaintiff differently with respect to the terms and conditions of

his employment because of his continued participation in protected activity.

74. Defendant's actions constitute retaliation as prohibited by Title VII, the ADA, and Ohio Title 4112.

75. Because of Defendant's retaliation, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income (including back pay and front pay), and other benefits to which he was entitled, in an amount to be determined at trial.

**WHEREFORE**, Plaintiff Kameron Hensley prays that this Court award a judgment against Defendant Franklin County Commissioners on all counts, for compensatory and punitive damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income and other benefits to which Plaintiff is entitled in an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

Respectfully submitted,

KEMP, SCHAEFFER & ROWE CO., L.PA.

/s/Erica Ann Probst
Erica Ann Probst (0073486)
Andrea L. Salvino (0097768)
88 West Mound Street
Columbus, Ohio 43215
Telephone: (614) 232-8692
Facsimile: (614) 469-7170
Email: Erica@ksrlegal.com
ASalvino@ksrlegal.com
*Counsel for Plaintiff*

## **JURY DEMAND**

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

Respectfully submitted,

KEMP, SCHAEFFER, & ROWE CO., L.P.A.

/s/ Erica Ann Probst
Erica Ann Probst #0073486
Andrea L. Salvino #0097768
88 West Mound Street
Columbus, Ohio 43215
(614) 232-8692
(614) 469-7170 (fax)
Email: Erica@ksrlegal.com
　　　　ASalvino@ksrlegal.com

*Counsel for Plaintiff*